## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------

THOMAS E.  PEREZ,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

        Plaintiff,

     v.

RICHARD J.  KWASNY, KWASNY AND
REILLY, P.C., AND KWASNY AND
REILLY 401 (K) PROFIT SHARING PLAN,

        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action

No. 14-cv-4286

-------------------------------------------------------------

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff, Thomas E. Perez,

Secretary of Labor, United States Department of Labor ("Plaintiff"), submits this Memorandum

of Law in support of his Motion for Summary Judgment against Defendant Richard J. Kwasny.[1]

Because there is no genuine issue with respect to any material fact and Plaintiff is entitled to

judgment as a matter of law, the entry of Summary Judgment is warranted in Plaintiff's favor.

### I.   Introduction and Factual Background

The Plaintiff has brought this action to restore $40,416.30 in losses (plus prejudgment

interest) sustained by the Kwasny and Reilly 401(k) Profit Sharing Plan (the "Plan").  The Plan

sustained these losses because Plan trustee and fiduciary, Richard J. Kwasny ("Kwasny"),

withheld contributions from employee paychecks but failed to forward those contributions to the

Plan in a timely manner.  $40,416.30 in employee contributions were never forwarded at all.

$2,099.06 in employee contributions were eventually forwarded, but late.  (Statement of Material

---

[1] Defendant Kwasny and Reilly, P.C. failed to file an Answer in this matter and default has been entered against this Defendant. The Secretary, therefore, will be moving for a default judgment against Defendant Kwasny and Reilly, P.C. prior to trial.

Facts ¶¶ 9-15).  Plan participants have suffered at least $50,215.15 losses as a result of Kwasny's

actions.  (Statement of Material Facts ¶17-18).  In so doing, Kwasny misappropriated Plan assets

and used them for the benefit of himself and co-fiduciary, Kwasny & Reilly, P.C. ("the Firm").

Kwasny was the managing partner of the Firm and the only individual employed at the

Firm with the ability to withhold payment of an employee's contributions to the Plan.

(Statement of Material Facts ¶ 5, 13).  During the period of September 7, 2007 through

November 13, 2009 ("the relevant period"), he directed that $40,416.30 which had been withheld

from employee compensation not be forwarded to the Plan.  (Statement of Material Facts ¶ 9).

Kwasny then used the money to benefit himself and the Firm by using it to pay business

expenses, including his own salary.  (Statement of Material Facts ¶¶11-12).  Additionally,

beginning on August 24, 2007, Kwasny knew that some employee contributions were not

forwarded to the Plan in a timely fashion.  (Statement of Material Facts ¶ 14).  Kwasny has taken

no actions to restore any part of the missing employee contributions to the Plan, or to restore any

of the lost earnings that resulted from the missing or late contributions.  (Statement of Material

Facts ¶ 15).

Plaintiff seeks a Summary Judgment Order requiring that the Defendant Kwasny restore

the losses to the Plan caused by his fiduciary misconduct in the amount of at least $50,215.15, as

this violation continues and thus prejudgment interest continues to accrue.  Plaintiff also seeks an

order permanently enjoining Kwasny from acting in any fiduciary capacity with respect to any

employee benefit plan covered by ERISA, appointing an independent fiduciary to administer the

Plan, and requiring that Kwasny reimburse the Plan for the cost of the independent fiduciary

## II.    Argument

The undisputed facts and the applicable law support a finding under Rule 56(c) that

Defendant Richard J. Kwasny was a fiduciary under ERISA, that he violated his fiduciary duties,

that as a result of these violations, the Plan incurred $50,215.14 in losses, including interest, and

that the injunctive relief sought by the Plaintiff is necessary and appropriate.

### A.    ERISA: An Overview

ERISA is a comprehensive remedial statute designed to promote and protect the interests

of participants and the beneficiaries in employee benefit plans.  Shaw v. Delta Air Lines, Inc.,

463 U.S. 85, 90 (1983). Congress intended to ensure the financial soundness of employee benefit

plans "by establishing standards of conduct, responsibility, and obligation for fiduciaries of

employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access

to the Federal courts."  ERISA Section 2(b), 29 U.S.C. § 1001(b).  Those fiduciary standards of

conduct are codified in ERISA Section 404(a), 29 U.S.C. § 1104(a).  The fiduciary obligations

imposed by ERISA are "the highest known to the law."  Donovan v. Bierwirth, 680 F.2d 263,

272 n.8 (2d Cir. 1981), cert. denied, 459 U.S. 1069 (1982), and are to be interpreted and applied

"bearing in mind the special nature and purpose of employee benefit plans."  Donovan v.

Cunningham, 716 F.2d 1455, 1464 (5th Cir. 1983), cert. denied, 467 U.S. 1251 (1984).

Fiduciaries of ERISA-covered plans must comport their actions and conduct to the

standards enunciated in Sections 403, 404(a) and 406 of the Act.  The fiduciary duties relevant to

the instant motion are the duty to ensure that plan assets are held in a trust account, Section 403

of ERISA, 29 U.S.C. §1103; the duty to act solely in the interest of the plan participants, and

their beneficiaries, Section 404(a)(1)(A) of ERISA, 29 U.S.C. §1104(a)(1)(A); the duty to act

prudently,  Section 404(a)(1)(B) of ERISA, 29 U.S.C. §1104(a)(1)(B); the duty to prevent a plan

from engaging in a direct or indirect transfer of plan assets for the benefit or use of a party-in-interest, Section 406(a)(1)(D) of ERISA, 29 U.S.C. §1106(a)(1)(D); and the duty to refrain from dealing with a plan's assets for the fiduciary's own interest, Section 406(b)(1) of ERISA, 29 U.S.C. §1106(b)(1).

## B.   Standard for summary judgment

A motion for summary judgment must be granted if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In determining whether the movant has met this burden, a court must consider all the factual inferences in the light most favorable to the non-moving party.  Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).  Once the moving party makes its initial showing, however, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."  Celotex, 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Courts have granted plaintiffs' summary judgment motions in ERISA fiduciary breach cases "where the fact finder could not reasonably find that the trustees" complied with ERISA.  Mazur v. Gaudet, 826 F. Supp. 188, 192 (E.D. La 1992) and cases cited therein.

## C.   Defendant Kwasny is a fiduciary of the Plan.

Section 3(21)(A) of ERISA provides that ". . . a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such Plan or exercises any authority or control respecting management or disposition of its assets . . . or (iii) he has any discretionary authority or . . . responsibility in the administration of such plan."  29 U.S.C. § 1001(21)(A).  By the very nature of their positions

trustees are automatically fiduciaries.  <u>Freund v. Marshall & Illsley Bank</u>, 485 F. Supp. 629, 634-35 (W.D. Wis. 1979); <u>McNeese v. Health Plan Marketing</u>, 647 F. Supp. 981, 984 (N.D. Al. 1986); <u>Successor Trust Committee of Permian, Inc. v. First State Bank, Odessa</u>, 735 F. Supp. 708 (W.D. Tx. 1990).

There is no dispute that Kwasny was a fiduciary with respect to the violations at issue. Kwasny has been a trustee of the Plan in since its establishment in 2003.  (Statement of Material Facts ¶¶ 2, 4).  As trustee of the Plan, Kwasny is a fiduciary.  Additionally, by deciding to not forward Plan assets to the Plan and instead commingling them with the Firm's assets, Kwasny exercised control over the disposition of plan assets.  (Statement of Material Facts ¶¶ 9-13). Thus Kwasny is also a fiduciary because of the control he exercised over the disposition of Plan assets.

**D.      Defendant Kwasny violated Section 404 of ERISA by failing to act prudently and failing to act in the interest of the Plan participants and beneficiaries.**

Fiduciaries of ERISA-covered plans must comport their actions and conduct to the standards enunciated in Section 404(a) of the Act.  Those duties include the duty to act solely in the interest of the plan's participants, Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A); and the duty to act prudently, Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

A fiduciary who uses assets for the benefit of the corporation clearly fails to act solely in the interest of plan participants and beneficiaries in violation of Section 404(a)(1)(A).  For example, in <u>Pension Benefit Guar. Corp. v. Solmsen</u>, 671 F. Supp. 938, 945-46 (E.D.N.Y. 1987), a fiduciary was found to violate Section 404(a)(1)(A)'s duty of loyalty when he used employee contributions for corporate purposes.  <u>See also</u> <u>Grodotzke v. Seaford Ave. Corp.</u>, 17 F.Supp.3d 185, 193 (E.D.N.Y. 2014) (comingling plan assets with corporate assets is a violation of ERISA Section 404(a)(1)(A)).

Kwasny used Plan funds for the benefit of the Firm, as well as for his own personal benefit. (Statement of Material Facts ¶¶ 10-12). By these actions Kwasny, as a fiduciary of the Plan, failed to discharge his duties as with respect to the Plan solely in the interest of the participants and their beneficiaries, in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

Kwasny also fell short of his duty to act with care, skill, prudence and violated Section 404(a)(1)(B). The duty of prudence requires that a fiduciary must refrain from placing himself in a position where his personal interest may conflict with the interests of the plan beneficiaries. Corley v. Hecht Co., 530 F. Supp. 1155, 1163 (D. D.C. 1982). A fiduciary's exercise of control over plan assets for his own use is a violation of the duty of prudence imposed by Section 404(a)(1)(B). For example, in Brock v. Ardito, No. Civ. 86-0582-G, 1987 U.S. Dist LEXIS 14184 (E.D. N.Y. May 28, 1987), the trustee's transfer of $175,000 in plan assets to several bank accounts, including his personal checking account and the corporate bank account of the company in which he was both the president and majority stockholder, "was the pinnacle of imprudence." Id. at *11. Likewise, in Marshall v. Kelly, 465 F. Supp. 341 (W.D. Okla. 1978), where the trustee caused the plan to transfer $9,000 of its assets to himself as a six percent "sales commission" for the sale of plan real estate, in the absence of any written or oral contract providing for the payment of such a commission, the Court found a violation of Section 404(a)(1)(B).

As did the defendants in the cases cited above, Defendant Kwasny in the instant matter exhibited the "pinnacle of imprudence" by exercising control over these assets for his own benefit and the benefit his business venture, the Firm, rather than using the assets exclusively for payments to or for the benefit of participants and their beneficiaries. Kwasny, therefore, violated

6

ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

**E.      Defendant Kwasny violation Section 403 of ERISA by failing to ensure that all of the Plans assets were held in trust and did not inure to the benefit of the Firm.**

Section 403(a) requires that "the assets of an employee benefit plan shall be held in trust by one or more trustees." See Solis v. Hartmann, 2012 WL 3779050, *7 (E.D. Ill. 2012) (failing to remit employee contributions and using the money to pay employer expenses is a violation of Section 403(a)). The undisputed record shows that Kwasny failed to forward Plan assets to the Plan and gave them to the Firm and to himself.  (Statement of Material Facts ¶¶ 9-13)  Through his conduct, Kwasny failed to ensure that all assets of the Plan be held in trust by one or more trustees, in violation of ERISA Section 403(a), 29 U.S.C. § 1103(a).

Kwasny also failed to ensure that the assets of the Plan did not inure to the benefit of the Firm, in violation of ERISA Section 403(c)(1), 29 U.S.C. § 1103(c)(1).  Kwasny, as a Plan fiduciary, failed to ensure that the assets of the Plan did not inure to the benefit of the Firm, in violation of Section 403(c)(1) of ERISA, by retaining employee contributions and using them for the benefit of the Firm rather than participants.  (Statement of Material Facts ¶¶ 9-11). See In re: Dombek, 2012 WL 4757832, *5 (N.D. Ill. 2012) (failure to timely remit employee contributions is a violation of Section 403(c)(1)).

**F.      Defendant Kwasny violated ERISA by engaging in transactions prohibited by ERISA Section 406.**

Section 406(a)(1)(D) provides that, "A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect . . . transfer to, or use by . . . of a party in interest, of any assets of the plan." As previously discussed, Kwasny is a fiduciary.  A party in interest is defined in § 3(14) of ERISA as including: "any fiduciary" (3(14)(A)) and "any employer whose employees are

covered by the Plan" (3(14)(C)).  Therefore, the Firm and Kwasny are parties in interest under §

3(14).

The transfer of Plan funds from the Plan to a party in interest is a violation of Section

406(a)(1)(D).  For example, in Pension Benefit Guar. Corp. v. Morin, No. Civ. 99-246-P-C, 2000

WL 760737 (D. Me. 2000), the District Court found that transferring Plan assets to a corporation

controlled by the trustee constituted a violation of Section 406(a)(1)(D).

Kwasny is the Plan's trustee.  (Statement of Material Facts ¶¶ 4-5)  Since Kwasny was a

fiduciary and party in interest, the Firm's managing partner and the only person at the Firm with

the ability to withhold payment of an employee's contributions to the Plan, his transfer of Plan

assets to the Firm was similar to the defendant's transaction in Mornin.  (Statement of Material

Facts ¶¶ 4-5, 9-12)  Hence, Kwasny's conduct likewise constituted a violation of § 406(a)(1)(D).

A fiduciary who deals with Plan assets for his own interest also violates Section

406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1).  In Leigh v. Engle, the court construed the word

"interest" in § 406(b)(1) as "including a fiduciary's interest of a financial nature." 727 F.2d at

126.  Kwasny violated § 406(b)(1) by using the Plan's assets for the benefit of himself and the

Firm, as he was the managing partner. (Statement of Material Facts ¶ 4-5, 11-12).  Kwasny was

the only person who had the ability to withhold payment of an employee's contributions, and

was the person making all financial decisions for the Firm.  (Statement of Material Facts ¶¶ 10-

13).  See  Chao v. Hochuli, 244 F.Supp.2d 92, 99 (E.D.N.Y.2003) (finding fiduciary in breach of

§ 406(b)(1) where plan funds were used for the benefit of corporation partially owned by the

fiduciary).

**G.     Plaintiff is entitled to the relief sought.**

The Plaintiff requests that this Court order restitution of the Plan's lost assets, order that

Kwasny pay prejudgment interest, remove Kwasny as a Plan fiduciary, appoint an independent

fiduciary to oversee and administer the Plan, order that Kwasny reimburse the Plan for the costs

of the independent fiduciary, and permanently bar Kwasny from serving as an ERISA fiduciary.

ERISA authorizes the Secretary to bring an action "to enjoin any act or practice which violates

any provision of" Title I of the Act. 29 U.S.C. § 1132(a)(5). ERISA further provides that when a

fiduciary breaches his duties,

> he shall be personally liable to make good to such plan any losses to the plan
> resulting from each such breach, and to restore to such plan any profits of such
> fiduciary which have been made through use of assets of the plan by the fiduciary,
> and shall be subject to such other equitable or remedial relief as the court may
> deem appropriate, including removal of such fiduciary.

29. U.S.C. § 1109(a). Therefore, as set forth is greater detail below, the Plaintiff is thus entitled

to the relief he respectfully requests.

          *1.*    *Plaintiff is entitled to restitution of the Plan's lost assets.*

     Longstanding case law under ERISA holds that plans must be restored to the position that

they would have been in but for a fiduciary's breaches. See Donovan v. Bierwirth, 754 F.2d

1049, 1056 (2d Cir. 1985); Leigh v. Engle, supra, 858 F.2d at 367; Dardaganis v. Grace Capital,

Inc., 889 F.2d 1237, 1243-44 (2d Cir. 1989). A breaching fiduciary must "restor[e] the trust

beneficiaries to the position they would have occupied but for the breach of trust." Bierwirth,

754 F.2d at 1056 (quoting Restatement (2nd) of Trusts § 205(c) (1959)). See also Chao v. Trust

Fund Advisors, No. Civ. 02-559 (GK), 2004 WL 444029 (D. D.C. 2004) (applying "make

whole" standard to fiduciaries' liability for losses resulting from imprudence).

     Where a plan has lost assets through a defendant's violations of ERISA, the defendant is

required to make the plan whole through restitution. For example, in Pension Benefit Guaranty

Corp. v. Morin, supra, 2000 WL 760737 at * 5, where the plan trustee violated ERISA by

transferring plan monies to himself and also to his wholly-owned corporation, the Court ordered that the trustee return all misappropriated monies to the plan. See also Martin v. Harline, No. Civ. 87-NC-115J, 1992 U.S. Dist. LEXIS 8778, at *42 (D. Utah March 30, 1992) (fiduciary liable to make restitution for all losses to plan resulting from his breach of fiduciary duty); Whitfield v. Tomasso, 682 F. Supp. 1287, 1305 (E.D. N.Y. 1988) (party-in-interest found liable to restore to plan all sums it retained as a result of prohibited transactions).

The undisputed facts confirm that from September 2007 through November 2009, Kwasny violated ERISA by failing to forward $40,416.30 in employee contributions to the Plan for the operations of the Firm. (Statement of Material Facts ¶¶ 9-18)  Furthermore, Kwasny, despite being the Plan's trustee, never took steps to have the Firm restore the missing Plan assets and lost earnings.  Therefore, the Plan lost $40,416.30, plus interest in the amount of $9,798.30 which would have been earned on that amount had it not been taken out of trust, as a result of Kwasny's violation of ERISA.

> 2.   *Kwasny should be ordered to pay prejudgment interest.*

Kwasny should also be required to pay prejudgment interest.  Such prejudgment interest is awarded to restore the plan to the position it would have been in, but for the violations of ERISA. See Russo v. Unger, 845 F. Supp. 124, 128-29 (S.D. N.Y. 1994) (self-dealing fiduciary and fiduciary who turned a "blind eye" to self-dealing ordered to pay prejudgment interest at "overpayment rate"); Harline, 1992 U.S. Dist. LEXIS 8778, at *42 (prejudgment interest awarded to place plan in same position that it would have occupied if losses had not occurred); Tomasso, 682 F. Supp. at 1306 (awarding prejudgment interest where plan was denied use of wrongfully expended funds); McLaughlin v. Cohen, 686 F. Supp. 454, 458 (S.D. N.Y. 1988) (award of prejudgment interest to make plans whole for "time value of money during particular

periods"); <u>Ardito</u>, 1987 U.S. Dist. LEXIS 14184, at *16 (prejudgment interest generally awarded "as part of the restitutional remedy").

 Several courts have ordered that the appropriate rate for prejudgment interest on restitution from violations of ERISA is the rate that the Internal Revenue Service charges taxpayers who underpay their taxes.  This rate, found at 26 U.S.C. §§ 6621, 6622, is compounded daily.  <u>Harline</u>, 1992 U.S. Dist. LEXIS 8778, at *44; <u>Cohen</u>, 686 F. Supp. at 458; <u>Tomasso</u>, 682 F. Supp. at 1306.  Using this rate, Plaintiff has calculated that Kwasny owes $9,798.30 in prejudgment interest for all losses through February 3, 2015.  (Statement of Material Facts ¶ 18)  Should this Court enter a judgment in favor of the Plaintiff, the Plaintiff seeks prejudgment interest calculated for all losses until the date of judgment.

 3. *Kwasny should be removed as a Plan fiduciary.*

 In addition, Kwasny should be removed as a Plan fiduciary and an independent fiduciary should be appointed to administer and terminate the Plan.  This Court has broad authority to grant "equitable or remedial relief as the court may deem appropriate" including removal of fiduciaries.  ERISA § 409(a), 29 U.S.C. § 1109(a); <u>Donovan v. Mazzola</u>, 716 F.2d 1226, 1234 (9th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1040, 104 S. Ct. 704, 79 L.Ed.2d 169 (1984).  Indeed, removal of fiduciaries is universally recognized as an appropriate remedy upon findings of imprudence, divided loyalties and prohibited transactions.  <u>Reich v. Lancaster</u>, 55 F.3d 1034, 1054 (5th Cir. 1955); <u>Beck v. Levering</u>, 947 F.2d 693, 641 (2nd Cir. 1991); <u>Levy v. Martin</u>, 504 U.S. 909, 112 S. Ct. 937, 118 L.Ed.2d 544 (1992); <u>Mazzola</u>, 716 F.2d at 1238-39.

 Plaintiff has amply demonstrated that Kwasny acted without loyalty to the Plan participant by using Plan assets for his and the Firm's benefit.  (Statement of Material Facts ¶¶ 9-15)  Further, if Kwasny is not removed, should the Plan recover any of the losses caused by

Kwasny's fiduciaries breaches, Kwasny, as the Plan's trustee, will have access to those assets and could raid the Plan for his own gain once again.  Therefore, removal of Kwasny as a Plan fiduciary is appropriate.

        4.     *An independent fiduciary should be appointed.*

Once the Court orders the removal of Kwasny a plan fiduciary, a new fiduciary must be appointed to oversee and administer the Plan and ensure that the Plan's assets are properly managed and held in trust.  ERISA Section 402(a)(1) requires that all ERISA-covered plans have, "one or more named fiduciaries who . . . shall have authority to control and manage the operation and administration of the plan."  29 U.S.C. § 1102(a)(1).  Furthermore ERISA Section 403(a) requires that all plan assets be held in trust.  29 U.S.C. § 1103(a).  Therefore, this Court should appoint an independent fiduciary with plenary authority over the administration, management, and disposition of the assets of the Plan.  Upon the Court's action granting the Plaintiff's Motion for Summary Judgment, Plaintiff will obtain bids for an appropriate independent fiduciary to oversee and administer the Plan. Upon receipt of such bids, the Plaintiff will file a motion with the Court seeking the appointment of a suitable independent fiduciary.

        5.     *Kwasny should be ordered to pay the costs of the independent fiduciary.*

Kwasny should also be ordered to restore the Plan monies expended for the costs of the independent fiduciary.  If Kwasny had complied with ERISA, the Plan would not need an independent fiduciary.  As a result of Kwasny's violations, an independent fiduciary must be installed and the Plan will incur the expenses associated with the independent fiduciary's services.

Where an independent fiduciary is installed as a result of a fiduciary's breaches, courts have ordered breaching fiduciaries to pay the costs of the independent fiduciary.  See Chao v.

Malkani, 216 F. Supp. 2d 505, 518 (D. Md 2002).  While the independent fiduciary should initially be compensated from the Plan to ensure prompt payment, Kwasny should restore to the Plan the amount expended to compensate the independent fiduciary for its services.

      6.    *Kwasny should be permanently barred from serving as an ERISA fiduciary.*

The broad authority granted the Court to provide relief under ERISA permits this Court to bar serious ERISA violators from serving as fiduciaries or service providers to ERISA-covered plans.  Serious misconduct is grounds for a permanent injunction without a showing of future harm.  See Beck v. Levering, 947 F.2d at 641; Reich v. Lancaster, 55 F.3d at 1054; see also Brock v. Ardito, supra, at *17 (defendant trustee permanently barred from serving as a fiduciary for an ERISA-covered plan where the trustee transferred money from plan accounts to his own account); Martin v. Harline, supra, 1992 Westlaw 1215, 1224 at *16; (fiduciary permanently barred when his failure to oversee and review the conduct of other fiduciaries enabled those other fiduciaries to violate ERISA).

Kwasny has shown that he cannot meet the high standard of conduct for ERISA fiduciaries.  Kwasny spent Plan assets for the benefit of himself and the Firm.  (Statement of Material Facts ¶¶ 9-13)  This conduct demonstrates that Kwasny cannot be entrusted managing ERISA-covered plans or their assets.  Kwasny's serious violations of ERISA justify a permanent injunction barring him as a fiduciary.

## III.    Conclusion

The undisputed facts confirm that Defendant Kwasny failed to forward employee contributions to the Plan, used those Plan assets for his own benefit and the benefit of the Firm, and took no actions to recover those assets.  Such conduct unquestionably breaches ERISA.  For the reasons set forth herein, Plaintiff requests a summary judgment requiring Defendant Kwasny

to restore the losses to the Plan caused by his fiduciary misconduct in the amount of $50,215.15, plus additional prejudgment interest calculated from February 3, 2015 until the date of judgment. Plaintiff also requests that Kwasny be removed as a fiduciary to the Plan and that an independent fiduciary be appointed with all costs born by Kwasny. Plaintiff requests that Kwasny be permanently enjoined from acting in any fiduciary capacity with respect to any employee benefit plan covered by ERISA. Finally, Plaintiff further requests that Kwasny be ordered to cooperate fully in carrying out the terms of the summary judgment.

Respectfully submitted,

Post Office Address:

M. Patricia Smith
Solicitor of Labor

Office of the Solicitor
U. S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA   19106-3306
(215) 861-5144
brown.jessica.r@dol.gov
zzsol-phi-docket@dol.gov

Oscar L. Hampton III
Regional Solicitor

 /s/ Jessica R. Brown
Jessica R. Brown
Senior Trial Attorney
PA 87322

Attorneys for Plaintiff
U.S. DEPARTMENT OF LABOR