```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS E. PEREZ, Secretary of Labor:   CIVIL ACTION
United States Department of Labor  :
                                   :   NO. 14-4286
          Plaintiff,               :
                                   :
     v.                            :
                                   :
RICHARD J. KWASNY, et al.          :
                                   :
          Defendants.              :
```

**O R D E R**

**AND NOW** this **8th day** of **February, 2016,** upon consideration of Plaintiff's Motion for Summary Judgment (ECF No. 41) and Defendant's Cross-Motion for Summary Judgment (ECF No. 48), and for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that:

1.   Plaintiff's motion (ECF No. 41) is **GRANTED,** and **Judgment is entered in favor of Thomas E. Perez**, the Secretary of Labor, and against Richard Kwasny; and

2.   Defendant's motion (ECF No. 48) is **DENIED.**

It is hereby further **ORDERED** that:

3.   Defendant Kwasny shall restore to the Plan all losses the Plan has incurred as the result of his violations of ERISA, in the total amount of $50,215.15, plus any prejudgment interest as calculated by the Plaintiff from February 3, 2015 through the date of this Order;

4. Kwasny is removed as trustee of the Plan and is permanently enjoined from serving as trustee, fiduciary, advisor, or administrator to any employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. §1002(3), or from serving in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan;

5. Kwasny shall transfer the amount of $50,215.15 to the Registry of the Court within ten (10) days of the entry of this Order.  This sum and all accrued earnings shall be held in an interest-bearing account in the Registry of the Court for distribution to the Plan following the appointment by the Court of an independent fiduciary to administer, managed, and dispose of the Plan assets;

6. Upon further Order of this Court, Kwasny shall transfer to the Registry of the Court an amount to be specified later: 1) paying the costs of an independent fiduciary to administer, managed, and dispose of the Plan assets following the independent fiduciary's appointment by the Court and 2) paying any prejudgment interest as calculated by the Plaintiff from February 3, 2015 through the date of this Order;

7. Any restitution to the Plan following the appointment by the Court of an independent fiduciary that is

attributable to the account of Defendant Kwasny will be paid after the other Plan participants are made whole;

       8.   Any spouse of Kwasny retains the right, if she has any, to receive the survivor annuity under a qualified joint and survivor annuity provided pursuant to 29 U.S.C. § 1055(a)(1) or under a qualified preretirement survivor annuity provided pursuant to 29 U.S.C. § 1055(a)(2), determined in accordance with 29 U.S.C. § 1056(d)(5); and

       9.   This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this order.

       **AND IT IS SO ORDERED.**

       /s/ Eduardo C. Robreno
       **EDUARDO C. ROBRENO,    J.**