```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS E. PEREZ, Secretary of Labor:   CIVIL ACTION
United States Department of Labor  :
                                   :   NO. 14-4286
          Plaintiff,               :
                                   :
     v.                            :
                                   :
RICHARD J. KWASNY, et al.          :
                                   :
          Defendants.              :
```

### ENTRY OF DEFAULT JUDGMENT

**AND NOW** this **8th day** of **February, 2016,** Plaintiff, having filed his complaint, and Defendant Kwasny and Reilly, P.C., having failed to answer or otherwise defend against the complaint; and Plaintiff having moved the Court to enter default judgment in favor of Plaintiff and against Defendant Kwasny and Reilly, P.C. for failure to answer or otherwise defend against Plaintiff's complaint; and it appearing by declarations filed of record that Defendant Kwasny and Reilly, P.C. is the administrator and a fiduciary of the Kwasny and Reilly 401(k) Profit Sharing Plan ("the Plan") and in that capacity, at relevant times, Defendant Kwasny and Reilly, P.C. violated ERISA §§ 404(a)(1)(A), 404(a)(1)(B), 403(a), 403(c)(1), 406(a)(1)(D), and 406(b)(1), 29 U.S.C. §§ 1104(a)(1)(A), 1104(a)(1)(B), 1103(a), 1103(c)(1), 1106(a)(1)(D), and

1106(b)(l), and in that capacity, at relevant times, Defendant Kwasny and Reilly, P.C. is also liable as a co-fiduciary under ERISA §§ 405(a)(l), 405(a)(2), and 405(a)(3), 29 U.S.C. §§ 1105(a)(l), 1105(a)(2), and 1105(a)(3); and that such violations caused losses to the Plan in the amount of $40,416.30 plus interest of $9,798.85; it is hereby **ORDERED** that:

1. The Plaintiff's unopposed "Motion for Default Judgment" against Defendant Kwasny and Reilly, P.C. (ECF No. 42), is **GRANTED** and **Default Judgment is entered in favor of the Plaintiff and against Defendant Kwasny and Reilly**, **P.C.**

2. Defendant Kwasny and Reilly, P.C. shall restore to the Plan all losses the Plan has incurred as the result of his violations of ERISA, **in the total amount of $50,215.15.**

3. Upon the appointment of an independent fiduciary for the Plan, Defendant Kwasny and Reilly, P.C. shall be removed as administrator of the Plan and permanently enjoined from serving as trustee, fiduciary, advisor, or administrator to any employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. §1002(3), or from serving in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan.

4. Plaintiff shall submit within thirty (30) days of the resolution of this matter as to all Defendants a proposal for the appointment of an independent fiduciary by this Court.

5. The independent fiduciary shall be appointed with plenary authority over the administration, management, and disposition of the assets of the Plan and directed to marshal assets on behalf of the Plan, to pursue claims on behalf of the Plan, and to take all appropriate action for the liquidation of the Plan and the distribution of benefits to the Plan's participants and beneficiaries.

6. The independent fiduciary shall receive reasonable compensation for the performance of its duties, together with costs reasonably and necessarily incurred.  Upon court approval, the compensation and expenses of the independent fiduciary shall be paid from the Plan's assets, but Defendant Kwasny and Reilly, P.C. shall reimburse the Plan for the cost of the independent fiduciary.

7. Defendant Kwasny and Reilly, P.C., its agents, representatives, servants, employees and all persons acting by or under their authority shall cooperate fully with the independent fiduciary in its efforts to administer the Plan by delivering or otherwise making available to the independent fiduciary all books, records, bank accounts, brokerage statements, electronic

hardware and software, and data files, however stored, relating in any manner to the management and operation of the Plan as well as all corporate records relating to employee elective salary deferrals to the Plan, including but not limited to payroll records, cancelled checks, and W-2 forms.

8. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Default Judgment.

9. The Court directs the entry of this Default Judgment as a final order as to Defendant Kwasny and Reilly, P.C.

**AND IT IS SO ORDERED.**

**/s/ Eduardo C. Robreno**
**EDUARDO C. ROBRENO,    J.**